STILLE *v.* HESS.

EQUITY PLEADING—BILL TO SET ASIDE MORTGAGE—SUFFICIENCY.
A bill by the minor children of a decedent alleged that their
father was possessed of certain real estate at the time of his
decease, which was free from incumbrance; that an instru-
ment purporting to be his will, by the terms of which all of
his property was left to his wife, was admitted to probate,
and a distribution made in accordance therewith; that com-
plainants were not represented by a guardian *ad litem,* or
otherwise; that the instrument was not decedent's will, but
was obtained by fraud; that the widow had executed a real-
estate mortgage to defendant, and that the latter had fore-
closed the same, and had himself purchased at the sale. The
prayer was that the mortgage and sale be set aside so far as
the complainants' interests were affected thereby. The bill
contained no averment of the value of decedent's estate, of
complainants' interest in the mortgaged premises, or of
damage to them resulting from the sale. The widow and
older children were not joined as parties to the litigation.
*Held,* that a demurrer was properly sustained.

Appeal from Delta; Stone, J. Submitted April 6, 1897.
Decided May 25, 1897.

Bill by Hannah Stille and others, infants, by Sarah
Tolan, their next friend, against Joseph Hess, to set aside
a real-estate mortgage. From a decree dismissing the
bill on demurrer, complainants appeal. Affirmed.

*James H. Clancy,* for complainants.

*George Gallup,* for defendant.

MOORE, J. The complainants filed a bill in chancery
which avers that they are minors; that July 7, 1885, their
father, Michael Tolan, died, leaving surviving him the
complainants, a widow, and five children who at the time
of the filing of the bill had attained their majority. The

bill avers that Michael Tolan was the owner of the north
35 feet of lots 7 and 8, block 35, of the city of Escanaba,
which was clear of all incumbrances, except $150, which
has since been paid; that said Tolan owed no debts at his
decease; that July 10, 1885, an instrument purporting to
be the last will of Michael Tolan was offered for probate.
A copy of the will is set out in the bill, from which it
appears that all the property was willed to his wife.   The
bill avers that the will was probated, and a distribution of
the property made according to its terms; that July 6,
1886, the estate "was wound up, and the executors duly
discharged;" that complainants were all very young, and
did not know the meaning or effect of the instrument, and
were not represented by a guardian *ad litem,* or any one
else.   The bill avers that the instrument purporting to be
the will of Michael Tolan was not his will, but was ob-
tained by fraud and deceit.   The bill avers that June 3,
1890, Mary Tolan, widow of Michael Tolan, "executed to
Joseph Hess, of the city of Escanaba, Michigan, a certain
real-estate mortgage, which said mortgage is recorded in
Liber G of Mortgages, on page 329, in the office of the
register of deeds for said Delta county, that, by virtue of
the conditions of said mortgage, said Hess, on the 16th
day of February, 1895, began proceedings to foreclose by
advertising; that on the 13th day of May, 1895, because
of said foreclosure proceedings, the said lands were sold
to the highest bidder for the sum of $1,250, or there-
abouts; that said sale purports to be a sale of the entire
premises; that the said Hess is the highest bidder afore-
said."   The prayer is as follows:

"Forasmuch, therefore, as your orators are without
remedy in the premises except in a court of equity, and to
the end that the said Joseph Hess, who is made a party
defendant to this bill, may be required to make full and
direct answer to the same, but not under oath (answer
under oath being hereby waived), and that the said
mortgage may be set aside and declared to be null and
void in so far as the interests of your orators are con-
cerned, and that the sale aforesaid may be set aside in so

far as your orators are concerned, and that all proceedings had or to be had by virtue of said mortgage be declared null and void in so far as the interests of your orators are concerned, and that the said Joseph Hess be restrained by an injunction, to be issued out of and under the seal of this court, from in any way disposing of or incumbering the real estate hereinbefore described, or from proceeding in any way with the foreclosure proceedings hereinbefore referred to, in so far as your orators are concerned, during the pendency of this suit, and that your orators shall have such other and further relief in the premises as equity may require and to this court shall seem meet."

The bill was demurred to, and the demurrer sustained. Complainants appeal.

It will not be necessary to consider all the questions discussed by the solicitors in their briefs. Neither the widow of Michael Tolan, nor any of the five children who have attained their majority, is made a party to the litigation. There is no averment in the bill of the value of the estate left by Michael Tolan. There is no averment in the bill which contains a description of the land which was mortgaged to Mr. Hess, nor is it averred that it was land in which the complainants have any interest, or that they are in any way harmed by the mortgage foreclosure. There are other grave defects in the bill, which it is not necessary to point out here. The circuit judge very properly sustained the demurrer.

The decree is affirmed, with the costs of this court.

The other Justices concurred.